NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELISEO MOZ-AMAYA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

Nos.  18-72126
        20-70069

Agency No. A200-039-013

MEMORANDUM*

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted September 8, 2020**

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Eliseo Moz-Amaya, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") orders denying his second

(petition No. 18-72126) and third (petition No. 20-70069) motions to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We deny

in part and dismiss in part the petitions for review.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We do not consider the materials Moz-Amaya references in his opening briefs that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

In his opening briefs, Moz-Amaya does not challenge the BIA's determinations that his second and third motions to reopen are untimely and that he did not establish any statutory or regulatory exception to the filing deadline. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

We lack jurisdiction to review the BIA's determinations not to reopen proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

Moz-Amaya's requests to terminate proceedings, raised in his opening briefs, are denied.

The government's motion for summary disposition (petition No. 20-70069, Docket Entry No. 9) is granted because the questions raised by the petition for review in No. 20-70069 are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (stating standard).

18-72126

The temporary stay of removal remains in place until issuance of the mandate. Moz-Amaya's motion for a stay of removal (petition No. 20-70069, Docket Entry No. 1) is otherwise denied.

**PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.**